UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SUBPOENA TO FACEBOOK
H-16-1-18(3); Control #573

Misc. Case No. _____
3:16mc169RAR

**Filed Under Seal**

FILED
2016 JUN -8  P 3: 36
US DISTRICT COURT
HARTFORD CT

## APPLICATION FOR ORDER COMMANDING FACEBOOK NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order Facebook not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena until further order of the Court.

Facebook is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Facebook to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation regarding enticing a minor to engage in prohibited sexual conduct, in violation of 18 U.S.C. § 2422(b), among other crimes. The investigation involves enticement of a minor to send sexually explicit photos and videos of herself and the subsequent threats to share those photos and videos with the minor's family or friends. The attached subpoena seeks subscriber information and IP login information pertinent to accounts hosted by WhatsApp that have been used to facilitate criminal activity, its disclosure to the subscriber may

alert them that they are the targets of the ongoing investigation, of which they are currently unaware. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving target an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is believed to be stored electronically. If alerted to the investigation, the subject under investigation could destroy that evidence, including information saved to his or her personal computer(s).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook not to disclose the existence or content of the attached subpoena, except that Facebook may disclose the attached subpoena to an attorney for Facebook for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for ninety days. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on June 8, 2016.

*[signature]*
Nancy V. Gifford
Assistant United States Attorney
Federal Bar No. ct16324
450 Main Street, Room 328
Hartford, CT 06103
Phone: (860) 947-1101